**Amrit LAL**

v.

**CBS, INC.**

**Civ. A. No. 81–1100.**

United States District Court,
E.D. Pennsylvania.

Nov. 17, 1982.

Eugene A. Steger, Jr., Kennett Square, for plaintiff.

George P. Williams, III, Philadelphia, for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

Presently before me in this diversity action is the motion of plaintiff, Amrit Lal, to compel discovery. Fed.R.Civ.P. 37. Defendant CBS, Inc. (CBS), opposes the motion on the ground that the material sought is privileged under Pennsylvania's Shield Statute, 42 Pa.Cons.Stat. § 5942. I conclude that the material is privileged and, therefore, will deny the motion to compel.

Briefly, the facts pertinent to this motion are as follows. Roseanne Cerra is a television reporter for WCAU–TV, a CBS affiliate in Philadelphia. On March 21, 1980, Cerra and two WCAU–TV technicians were assigned to report on a preliminary injunction hearing in state court. Lal had peti-

tioned for the hearing to enjoin the West Chester State College newspaper and its editor, Ellen Sands, from publishing an article about poor conditions at a house leased by plaintiff to students of West Chester State College. Immediately after the hearing, Cerra interviewed Lal, Sands and the president of the college. Cerra and her crew then visited the offices of the college newspaper and the house leased by Lal to the students. These visits, as well as the interviews, were recorded on videotape. Later that evening Cerra's report was televised. Thereafter, plaintiff brought the instant action alleging that the news report was defamatory.

Lal's motion seeks production of: "(a) Scripts; (b) Notes of Roseanne Cerra; (c) Any other notes; (d) Outtakes; (e) Carts; and (f) Any and all other pre-recorded tapes, whether audio or visual." (Document 33). I assume that plaintiff's motion is directed toward material relating to the March 21, 1980 news report for, if taken literally, the motion would have CBS produce everything in its files.

CBS asserts that, with the exception of Cerra's notes, everything in its possession has already been turned over to plaintiff.[1] With respect to Cerra's notes, CBS opposes discovery on the grounds that the notes are (1) the personal property of Cerra who is not a party to this law suit, (2) protected from discovery by Pennsylvania's Shield Statute, and (3) protected by the news reporter's qualified first amendment privilege against compelled disclosure of source material.

Assuming for present purposes that CBS can be compelled to produce Cerra's notes, I

conclude that the notes are protected from discovery under Pennsylvania law.[2] I do not reach the issue of whether the notes are also protected by a first amendment privilege for, in my view, the privilege afforded by state law is broader than the constitutional privilege.

In response to CBS' argument that Cerra's notes are protected under Pennsylvania law, Lal argues that no privilege can arise under the shield statute where, as here, the reporter's "sources" have been disclosed. Support for plaintiff's argument can be found in the language of the statute:

*Confidential communications to news reporters*

(a) *General rule.*—No person engaged on, connected with, or employed by any newspaper of general circulation or any press association or any radio or television station, or any magazine of general circulation, for the purpose of gathering, procuring, compiling, editing or publishing news, shall be required to disclose the source of any information procured or obtained by such person, in any legal proceeding, trial or investigation before any government unit.

42 Pa.Cons.Stat. § 5942(a). Nevertheless, while the statute on its face protects only against compelled disclosure of the "source of . . . information," that phrase has been broadly interpreted by the Pennsylvania Supreme Court to include not only the identity of a personal informant, but also *"includes documents, inanimate objects and all sources of information." In re Taylor*, 412 Pa. 32, 40, 193 A.2d 181 (1963) (emphasis in original).[3]

---

1. The only item produced by CBS is a videotape with soundtrack of the news report. The custodian of records for CBS avers that CBS is not in possession of any scripts, carts, outtakes, or other tapes relating to the news report. To the extent that such materials may have existed, the custodian further avers that they would have been destroyed in the routine course of business.

2. The parties apparently assume that Pennsylvania law applies in this diversity action. Since the alleged defamation was published in Pennsylvania and because its alleged target is a

Pennsylvania citizen, I see no reason for disturbing their choice of law. Accordingly, under Fed.R.Evid. 501, the rules of privilege applicable in Pennsylvania state court govern in this action.

3. *Taylor* actually involved a construction of 28 Pa. C.S.A. § 330 (repealed), an earlier version of the current shield law. Since the current version is a substantial reenactment of the earlier law, 42 Pa.Cons.Stat. § 5942, official source note, I do not accept plaintiff's argument that no weight can be given to the previous construction supplied the statute.

*Taylor's* expansive interpretation of the shield statute has also been applied in favor of media defendants in civil libel actions. *See, e.g., Steaks Unlimited, Inc. v. Deaner,* 623 F.2d 264 (3d Cir.1980); *Mazzella v. Philadelphia Newspaper, Inc.,* 479 F.Supp. 523 (E.D.N.Y.1979) (applying Pennsylvania law); *Hepps v. Philadelphia Newspapers, Inc.,* 3 Pa. D & C 3d 693 (1977). The *Hepps* decision is particularly apposite to the issues raised in the instant motion. In *Hepps,* the court confronted the issue: "May a plaintiff in a libel action against a newspaper obtain pretrial discovery of notes made by a reporter while interviewing informants in the course of preparation of a series of news articles thereafter published and allegedly libelous?" 3 D & C 3d at 694. Even though some informants were disclosed, the court answered the question presented in the negative, stating: "Taylor holds that regardless of the reason, a reporter need not disclose those [unpublished] portions of an informant's statement, whether or not the informant is disclosed." *Id.* at 705.

 More recently, in *Steaks Unlimited, Inc. v. Deaner, supra,* the Court of Appeals for the Third Circuit applied the reasoning of *Taylor* and *Hepps* and refused to compel discovery of a filmed but unpublished interview of a disclosed individual.[4] The court viewed *Taylor* as interpreting the statute to protect both the primary and secondary sources of the reporter's information. Hence, the statute's protection against compelled disclosure of possible secondary sources remains even after the identity of the primary source is revealed. 623 F.2d at 279. Moreover, the *Deaner* decision clarified that *Taylor* does not require the reporter to demonstrate the existence of such secondary sources. The mere possibility that compelled discovery may lead to the disclosure of a secondary source is sufficient to invoke the protection of the statute. *Id.*

In sum, the case law does not support plaintiff's argument that Cerra's notes are outside the protection of the statute. I

4. The decision of the Court of Appeals in *Steaks Unlimited* also suggests that CBS could not be compelled to produce any other unpub-

recognize that little or no salutary purpose is served by a rule of law which permits the media defendant to thwart discovery by hiding behind the veil of possible secondary sources, but I am bound in this diversity action to follow Pennsylvania law as it has been construed by the Court of Appeals and Pennsylvania's highest tribunal. Accordingly, plaintiff's motion to compel will be denied.

lished material relating to the newscast which it may have had in its possession.